George J. Haberer & Company, Appellee, v. Fred Smerling, Appellant.

Gen. No. 27,084.

1. CORPORATIONS—*effect of charter grant of extra-legal powers.* The powers obtained by corporations organized under general laws are necessarily restricted to those mentioned in the statute and the charter is void as to all powers and privileges granted beyond the provisions of the statutes.

2. CORPORATIONS—*effect of charter granting power to conduct real estate brokerage business.* A corporation organized under the General Incorporation Act of 1872 which expressly excepts "real estate brokerage" from the lawful purposes for which a corporation may be formed thereunder, cannot engage in such business, even though its charter authorizes it "to do a general brokerage and commission business," because in such case the law, and not the statement in the license or certificate, controls as to the powers that may be exercised.

3. CORPORATIONS—*inability to conduct real estate brokerage under Corporation Act of 1919.* The fact that the new Corporation Act of June 28, 1919, sec. 3 (Cahill's Ill. St. ch. 32, ¶ 3), authorizes corporations to act as agents in the purchase, sale, renting and management of real estate and leasehold interests, does not authorize a corporation to do a real estate brokerage business, as section 2 of the same Act (Cahill's Ill. St. ch. 32, ¶ 2), expressly excepts "real estate brokerage" from the lawful purposes for which a corporation for pecuniary profit can be organized, and the act contains no specific provision removing the restrictions upon incorporating for the real estate brokerage business.

4. CORPORATIONS—*construction of statute authorizing organizing of corporation to act as agent in real estate transaction.* The new Corporation Act of June 28, 1919, sec. 3 (Cahill's Ill. St. ch. 32, ¶ 3) authorizing corporations to act as agents in the purchase, sale, renting and management of real estate and leasehold interests, apparently in conflict with section 2 (Cahill's Ill. St. ch. 32 ¶ 2), which expressly excepts "real estate brokerage" from the lawful purposes for which a corporation for pecuniary profit can be organized, may be harmonized when it is recognized that an agent is empowered to act for another in selling and purchasing real estate, and the nature of a broker's undertaking is more limited, and so construed the statutes prohibit the organization of a corporation to engage in the real estate brokerage business.

Haberer & Co. v. Smerling, 225 Ill. App. 336.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES
A. WILLIAMS, Judge, presiding.    Heard in the Branch Appellate
Court at the October term, 1921.    Reversed.    Opinion filed May 23,
1922.

MARTIN C. KOEBEL, for appellant.

JOHN A. BROWN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the
court.

Plaintiff, a corporation of this State, sued and re-
covered judgment for $2,400 against the defendant,
for real estate brokerage commissions.    Only one
question presented need be considered, namely,
whether the law permits a corporation organized un-
der the laws of this State to engage in such a busi-
ness.    If not, then the acts upon which it predicates
its right to such commissions were ultra vires, and no
recovery can be had.

Plaintiff was incorporated in 1913, under the Gen-
eral Incorporation Act of 1872.    Among the objects
for which it was chartered were to deal in and manu-
facture merchandise of all kinds, and "to do a general
brokerage and commission business," and to buy
property at certain sales other than corporate stocks
and real estate.    It also procured a license from the
City of Chicago "to conduct the business as broker."
It was not specifically chartered or licensed to do a
real estate brokerage business, and could not be under
the law.    The act of 1872, under which it was incor-
porated, expressly excepts "real estate brokerage"
from the lawful purposes for which a corporation
may be formed thereunder.    (Section 1, "An Act con-
cerning Incorporations," in force July 1, 1872.)
Therefore, even if "general brokerage business," au-
thorized by its charter, included real estate brokerage,
yet "the law, and not the statement, or the license,
or the certificate, must determine what powers can be

exercised as incident to such business." (*People v. Chicago Gas Trust Co.*, 130 Ill. 268, 287.) In the case cited it was said:

"It has been held, that the powers obtained by corporations organized under general laws are necessarily restricted to those mentioned in the act (citation); that, in such cases, the charter is void as to all powers and privileges granted beyond the provisions of the statute (citation); that if unauthorized provisions are added to the articles of incorporation, all acts done pursuant to such provisions will be void (citation); that anything in such articles not warranted by the statutes, authorizing the formation of corporate bodies, is void for want of authority (citation) and that such articles must be construed strictly, and against the grantee and in favor of the government or the general public."

Under these principles it is clear that appellee acquired no authority either under its charter or the law to engage in a real estate brokerage business.

But appellee relies on section 3 of the new Corporation Act of June 28, 1919, in force July 1, 1919 [Cahill's Ill. St. ch. 32, ¶ 3], which provides that corporations thereunder may be organized, among other purposes, "for the purpose of acting as agents for others in the purchase, sale, renting and the management of real estate and leasehold interests."

But we cannot construe this section as authorizing a corporation to do a real estate brokerage business. To do so would be to render meaningless and nugatory the express provision in section 2 of said Act [Cahill's Ill. St. ch. 32, ¶ 2], which, like section 1 of the Act of 1872, expressly excepts "real estate brokerage" from the lawful purposes for which a corporation for pecuniary benefit can be organized under the laws of this State. The ordinary and familiar rules of statutory construction require that effect be given to both of these sections. But it is too plain for controversy that if the quoted provision from section 3

includes the right to do a real estate brokerage business, then the two sections cannot possibly be harmonized and no effect can be given to the phrase "real estate brokerage" business in section 2. The two sections, however, may be readily harmonized when we recognize the distinction between an agent empowered to act for another in selling and purchasing real estate, and the nature of a broker's undertaking, whose authority and duties are more limited. As said in Mechem on Agency:

"He has usually very few of the characteristics of an ordinary agent, but stands rather in the attitude of one to whom the offer of a unilateral contract has been made. That is to say, the owner offers to pay a commission if the broker will perform a certain act, namely, to find a purchaser for the property upon certain terms." (Vol. 2, sec. 2429, 2d Ed.)

A broker in general is defined to be one whose occupation it is to bring the parties together, to bargain, or to bargain for them, in matters of trade, commerce or navigation. (Id., sec. 2362.) See also, *Banta v. City of Chicago,* 172 Ill. 204. In *Stratford v. City Council of Montgomery,* 110 Ala. 619, the court said:

"Every broker is, in a sense, an agent, but every agent is not a broker. There are, however, so many incidents common to both relations that it is difficult to define the precise line of demarcation. We would say the idea of exclusiveness enters into an employment of agency, while with respect to brokers, there is a holding out of one's self generally, for employments in matters of 'trade, commerce and navigation.' It is the business or calling of acting or of offering to act, generally, as distinguished from isolated employments not induced by or resulting from the general business or calling."

In other words, the term real estate brokerage contemplates engaging therein as a business (*O'Neil v. Sinclair,* 153 Ill. 525, 531), and our statutes prohibit the organization of a corporation for such business.

It will be observed, too, that while section 138 of

the new act [Cahill's Ill. St. ch. 32, ¶ 138] confers the rights, privileges and franchises of said act to any corporation previously organized under any special or general law of this State, it expressly states "other than for the purpose of banking, insurance, real estate brokerage,  * * *  except as in this Act specifically provided." The act contains no specific provision removing the restrictions upon incorporating for the purpose of real estate brokerage. Public policy, therefore, as declared by the new act is not different from that expressed in the old act in that respect. It follows, therefore, citing again from the *Chicago Gas Trust* case (p. 288), that as "the powers obtained by corporations organized under general laws are necessarily restricted to those mentioned in the act (*Medical College Case,* 3 Whart. [Pa.] 445)," plaintiff's exercise of the business of real estate brokerage was unauthorized by our statutes, and its acts in that respect were ultra vires and void, and no recovery can be had for its services. Accordingly the judgment will be reversed.

*Reversed.*

GRIDLEY, P. J., and MORRILL, J., concur.